PEOPLE ex rel. BANTA v. SCANNELL, Fire Commissioner.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

OFFICERS—CIVIL SERVICE—MANDAMUS.
    Laws 1898, c. 186, amending Laws 1883, c. 354, prohibits the removal of a person holding a position in the civil service of a city subject to competitive examination, without the filing of written charges and an opportunity to such person to be heard. *Held*, that where the court found, on respondent's admission, on the hearing of an alternative writ of mandamus by an officer discharged without charges being filed or an opportunity to be heard, that the office was subject to competitive civil-service examination, a peremptory writ requiring his reinstatement was properly granted on such finding, though the alternative writ did not allege that relator's position at the time of removal was subject to competitive examination.

Appeal from special term, New York county.

Mandamus by the people, on relation of Francis M. Banta, against John J. Scannell, fire commissioner, to compel relator's reinstatement as a medical officer of the fire department of the city of New York. From an order granting a peremptory writ, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.

Leopold Leo, for respondent.

INGRAHAM, J. The alternative writ in this proceeding alleged that on November 30, 1895, the relator was appointed as a medical officer of the fire department of the city of New York after a competitive civil-service examination, held in pursuance of the provisions of an act of the legislature of the state of New York passed May 4, 1883, and that he duly qualified as such medical officer, and entered upon the discharge of his duties as such, and continued to discharge the same until September 22, 1898, when he was discharged by the respondent without being convicted of any offense, or without any trial being had upon written charges, and the relator asked to be reinstated in his position as medical officer in the fire department of the city of New York. The respondent having filed a return to this alternative writ, the proceedings were brought on for trial before a jury. Upon the evidence it appeared that the relator was appointed as alleged; that about four days prior to September 21, 1898, the relator saw the respondent, and the respondent requested his resignation; that the relator then asked the respondent if there was any charge against him, and the respondent said, "No." Without further proceedings, on September 21, 1898, the respondent issued an order discharging the relator from his position, such discharge to take effect on September 22, 1898. Mr. Briscoe, who was connected with the board of civil-service commissioners, was called as a witness, when counsel for the relator stated: "I understand what we want to prove by the witness will be admitted, that at the time Dr. Banta was appointed, and ever since, the office of medical officer in the department was subject to competitive civil-service examination." Counsel for the respondent answered: "That it is admitted." The issues were then submitted to the court, a jury having been waived; whereupon the court held that, as it was conceded upon the trial that at the time the relator was appointed, and ever since, the office of medical officer in the department was subject to a competitive civil-service examination, the removal was in violation of chapter 186 of the Laws of 1898, amending chapter 354 of the Laws of 1883, which provides: "If a person holding a position subject to competitive examination in the civil service of the state or of a city shall be removed or reduced the reasons therefor shall be stated in writing and filed with the head of the department or other appointing officer, and the person so removed or reduced shall have an opportunity to make an explanation." As the respondent had failed to comply with this statute, the court held that the relator was entitled to a peremptory writ of mandamus, and therefore directed a finding in his favor upon the issues presented. Upon this finding an application was made to the court at special term for a peremptory writ, which was granted, and from the final order granting that writ the respondent appeals.

We think that the learned court below was justified in granting the writ upon this ground. It is true that the alternative writ did not allege as a fact that this position was at the time of the re-

moval subject to a competitive examination, but upon the trial of the issues of fact testimony of that kind was offered, no objection was made to it, and that fact was admitted by counsel for the respondent, and the court found as a fact that this office was subject to a competitive civil-service examination. That fact being so, chapter 186 of the Laws of 1898 applied, and the respondent could not discharge the relator from his position unless the reasons therefor should be stated in writing and filed as required by the statute, and the relator given an opportunity to make an explanation. This not having been done, the discharge was in violation of the statute. It follows that the order was right, and it is affirmed, with costs. All concur.